**ALLEN, Appellant,**

v.

**UNEMPLOYMENT COMPENSATION REVIEW COMMISSION et al., Appellees.**

[Cite as *Allen v. Unemp. Comp. Rev. Comm.*, 160 Ohio App.3d 359, 2005-Ohio-1700.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040327.

Decided April 8, 2005.

Lindhorst & Dreidame and David E. Williamson, for appellant.

Jim Petro, Attorney General, and Dolores J. Hildebrandt, Assistant Attorney General, for appellees Unemployment Compensation Review Commission and Director, Ohio Department of Job & Family Services.

Phyllis E. Brown, for appellee A.B. Miree Fundamental Academy.

MARK P. PAINTER, Judge.

{¶ 1} Following her attorney's instructions, plaintiff-appellant Gloria Allen did not attend an administrative hearing regarding her unemployment compensation. Because she failed to appear, the hearing officer dismissed Allen's appeal. Allen now appeals the trial court's finding that she did not have good cause for failing to appear at her hearing. We reverse and remand for further proceedings.

## I.   Failure to Appear

{¶ 2} In March 2002, A.B. Miree Fundamental Academy terminated Allen and two other employees. All three employees filed claims for unemployment-

compensation benefits. After all three claims were denied, they appealed to the Unemployment Compensation Review Commission.

{¶ 3} After the other two employees won their appeals, A.B. Miree informed Allen and her attorney that it was withdrawing its opposition to Allen's appeal. Allen's attorney told Allen that because A.B. Miree had withdrawn its opposition, she did not need to appear at the March 5, 2003 hearing. Her appeal was then dismissed due to her failure to appear.

{¶ 4} Allen sought a hearing to explain that she had good cause for not appearing at the appeal hearing. At the good-cause hearing, Allen explained that her attorney had informed her that it was unnecessary for her to appear at an uncontested hearing. She also stated that at the time of the missed hearing, she had obtained another job and had arranged to miss work to appear at the hearing. Only after her attorney had told her that she did not need to appear did she not attend.

{¶ 5} The commission determined that Allen had not established good cause for her failure to appear. Allen appealed the decision to the court of common pleas, which affirmed the commission's ruling. In her single assignment of error, Allen now challenges the common pleas court's decision.

## II. Good Cause

{¶ 6} As a preliminary matter, we note that the trial court held not only that Allen had failed to establish good cause, but also that Allen had failed to timely file a request for a hearing on whether good cause existed. Thus, the trial court affirmed the commission's decision against Allen on both the merits and on procedural grounds.

{¶ 7} But the record indicates that Allen did comply with the time requirements for requesting a hearing on good cause. The trial court confused the dates when it held that Allen had committed a procedural error in her filings. Therefore, we focus only on the merits of whether Allen established good cause.

{¶ 8} When we review a decision of the commission, we can reverse only if we determine that the decision was unlawful, unreasonable, or against the manifest weight of the evidence.[1] All reviewing courts share this same standard of review.[2]

---

1. R.C. 4141.282(H).

2. See *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Services* (1995), 73 Ohio St.3d 694, 696, 653 N.E.2d 1207.

{¶ 9} The commission determined that Allen had not shown good cause for not attending her appeal hearing. The commission's decision stated, "A definition of good cause which has been used in many instances is that which would make an ordinarily reasonable individual follow that procedure in the same or similar circumstances."

{¶ 10} The commission's decision focused on the fact that Allen's attorney had acknowledged that he had not read the statute stating the consequences for a failure to attend a hearing.[3] The commission also noted that Allen's attorney had not checked with the commission to verify whether Allen had to appear.

{¶ 11} Some courts make a distinction between the failings of an attorney and the client's personal behavior. Allen explained at her good-cause hearing that she had had every intention of going to the hearing and that she had arranged her work schedule to allow her to attend. Strictly because of her attorney's erroneous advice, she did not attend. We conclude that the ruling that Allen had not had good cause for missing her hearing was unreasonable.

{¶ 12} We agree with the reasoning of the Fourth Appellate District in a case with similar facts. In *Sciortino v. Ohio Bur. of Emp. Services*, Sciortino, relying on his attorney's instructions, failed to appear at an unemployment-compensation hearing.[4] After his claim was dismissed because of his failure to appear, both the commission and the trial court determined that Sciortino had not established good cause for missing the hearing.

{¶ 13} But the Fourth Appellate District reversed. The court noted that Sciortino's absence had been due to inadvertence. The court stated, "Failure to appear may be willfully negligent, yet sometimes it is not deliberate but only the result of some mistake or error. A mere inadvertence or minor mistake cannot be viewed in the same light as an intentional act. People make mistakes. Even the people at the Bureau of Unemployment Services make mistakes."[5] Indeed, we are convinced that the commission made a mistake in this case by failing to allow Allen to reinstate her claim.

{¶ 14} Allen relied on what her attorney had told her. Relying on what her attorney had told her is what an ordinarily reasonable individual would have done in similar circumstances.

---

3. R.C. 4141.281(D)(5).

4. See *Sciortino v. Ohio Bur. of Emp. Services* (Apr. 14, 1992), 4th Dist. No. 1727, 1992 WL 80064.

5. Id.

{¶ 15} Even if we attribute her attorney's behavior to Allen (which under agency principles we should), we think that the result is the same. It was not unreasonably negligent to not attend the hearing and to rely on the precedent established in the other cases.

{¶ 16} In *DeHart v. Aetna Life Ins. Co.*, the Ohio Supreme Court emphasized, "[I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." [6] The court held that the inadvertent mistake made by the party's attorney did not justify an outright dismissal of the party's claim.[7]

{¶ 17} We conclude that the mistake of Allen's attorney did not justify the dismissal of Allen's appeal. Allen deserves to have her claim decided on the merits, not thrown out due to a minor technical error that was not even her fault.

{¶ 18} We hold that the trial court's decision was unreasonable. Therefore, we sustain Allen's assignment of error, reverse the trial court's judgment, and remand this case for further proceedings.

*Judgment reversed*
*and cause remanded.*

GORMAN, P.J., and SUNDERMANN, J., concur.

---

**6.** See *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 192, 23 O.O.3d 210, 431 N.E.2d 644.

